*Northern Pacific Ry. v. Jacob Baum.

Foreign Corporation Having no Place of Business as Officer in County Servable with Summons not Exempt from Attachment before Justice of the Peace.

The provisions of the civil code, relating only to jurisdiction over the person are not applicable to R. S. 6489 (Gen. Code 10253), relating to attachment of goods only; hence, the right of attachment against personal property of a foreign railroad company, having no place of business or officer upon whom summons can be served within the county, is given under R. S. 6489 (Gen. Code 10253), and such a company is not exempted from attachment by the provisions of R. S. 6478 (Gen. Code 10239).

Error to common pleas court.

*George Hoadly,* for plaintiff in error.

*Jacob Shroder* and *Joseph B. Derbes,* for defendant in error.

**SMITH, J.**

In this case we think the judgment of the court below should be affirmed. The proceeding as instituted in the magistrate's court was in attachment against the plaintiff in error within the provisions of R. S. 6489 (Gen. Code 10253), and personal property of the railway company was attached.

The plaintiff in error contends that under R. S. 6478 (Gen. Code 10239) it is exempt from such proceeding. We think, however, that this action relates only to the service of process against a railroad company under certain restrictions whereby jurisdiction of the corporation is personally sought and is not

---

*Affirmed, *Northern Pacific Ry.* v. *Baum,* 81 O. S. 386.

Hamilton County.

in conflict with R. S. 6489 (Gen. Code 10253), where jurisdiction over property of a foreign railway company is secured by an attachment; whereupon R. S. 6496 (Gen. Code 10262) and following sections provide how the matter or thing attached shall be disposed of and upon its sale the manner in which the proceeds shall be applied to the payment of the indebtedness.

It is not sought to bring the corporation personally into court, but the plaintiff in error being a foreign corporation with no officer upon whom a summons can be served or place of doing business in the county and the claim being a debt or demand arising upon contract, the right of attachment against the property of such a corporation is given by this section. It is evident that the sections of the code of civil procedure relating only to the jurisdiction over the person are not applicable under the section relating to attachments where jurisdiction is sought to be obtained over the property attached. We are of the opinion therefore there is no error in the judgment of the court below and the same is affirmed.

**Giffen** and **Swing, JJ.,** concur.